UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS PARE and SALLY PARE, | ) |
| Plaintiffs, | ) Case No. 1:18-cv-137-CLC-SKL |
| v. | ) |
| JOHN DOE and SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| Defendants. | ) |

## ORDER

On October 18, 2018, Plaintiffs Thomas and Sally Pare ("Plaintiffs") filed a motion to amend their complaint [Doc. 18]. On October 22, 2018, the Court entered an Order requiring (1) the parties to confer in good faith to see if they could agree to all or part of the proposed amendment and (2) Plaintiffs to file a new motion to amend by November 1, 2018, if necessary [Doc. 19]. The November 1 deadline came and went without any word from Plaintiffs.

Still having heard nothing by November 5, 2018, the Court entered an Order to Show Cause [Doc. 21]. The Order gave Plaintiffs seven days to respond and show cause why they failed to comply with the Court's October 22 Order. Two days later, the parties filed a joint motion seeking to substitute Defendant Schneider National Carriers, Inc., for Schneider Transport, Inc., which the Court granted [Docs. 22 & 23]. The following day, Plaintiffs responded to the Order to Show Cause. In the response, counsel for Plaintiffs explains how the parties conferred and agreed to substitute the correct corporate defendant and to remove the John Doe defendant from the complaint. Counsel then writes:

> [B]ased upon the discussions, Plaintiffs' counsel felt it best to amend his pleading for the amended complaint based on discussions and removal of certain aspects of John Doe. As such, the Amendment and revisions process took Plaintiffs' counsel outside the time period prescribed by the Court. The failure to meet the deadline is in no way a dereliction of duty, but rather Plaintiffs' counsel's attempt to streamline the case and issues to be presented to the Court in an upcoming Motion to Amend the Complaint.
>
> Furthermore, Plaintiff wants to confer with defense counsel on the new Amended Complaint so as to abide by the requirement of consultation regarding the Motion to Amend the Complaint.

[Doc. 24 at Page ID # 87].

In other words, Plaintiffs need more time because the conferral process led to the resolution of some issues and prompted them to make changes that will affect the pending motion to amend and proposed amended complaint. The Court credits the parties for cooperating and assumes the cooperation will continue, now that it has been shown to bear fruit, without the requirement of further court intervention. The Court will therefore **FIND** the Order to Show Cause [Doc. 23] is **SATISFIED**. In the future, though, Plaintiffs should not simply ignore a court-ordered deadline they are unable to meet. The better practice, and the one that will not lead to sanctions against the parties and/or counsel, is to seek relief from the Court prior to the expiration of the deadline or the entry of an order to show cause.

Because Plaintiffs have indicated they will file a new motion to amend, if necessary, the Clerk is **DIRECTED** to **TERMINATE** Plaintiffs' pending motion to amend [Doc. 18].

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE